NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-265

ARTHUR L. GIBSON, JR.

VERSUS

LOUISIANA RICE MILL, L.L.C.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 20053514
HONORABLE RONALD F. WARE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

AFFIRMED.

Raleigh Newman
Newman, Hoffoss & Devall
1830 Hodges St.
Lake Charles, LA 70601
(337) 439-5788
COUNSEL FOR PLAINTIFF/APPELLANT:
      Arthur L. Gibson, Jr.

**David R. Rabalais**
**Sylvia Snyder Lowe**
**The Dill Firm**
**P. O. Box 3324**
**Lafayette, LA 70502-3324**
**(337) 261-1408**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Louisiana Rice Mill, L.L.C.**

**Joseph George Glass**
**Duplass, Zwain & Bourgeois**
**3838 N. Causeway Blvd., Ste. 2900**
**Metairie, LA 70002**
**(504) 832-3700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Louisiana Rice Mill, L.L.C.**

**EZELL, Judge.**

Arthur Gibson appeals decisions of the trial court and a jury below, finding that Louisiana Rice Mill (LRM) did not place excessive glue on a bag of rice that played a role in him injuring his back. For the following reasons, we affirm the decisions below.

In September of 2004, Mr. Gibson was working as a longshoreman loading 110 pound bags of rice in the hold of a ship. The bags being loaded were milled by LRM. As part of the milling process, LMR would apply six grams of glue to each bag of rice to prevent the bags from slipping off trucks while en route to be shipped and to prevent the bags from shifting while stacked in storage. The use of glue in this manner is a common technique practiced by rice mills.

Mr. Gibson was lifting and throwing these heavy bags, using a twisting motion, when he grabbed a bag that remained stuck to the bags beneath it. When he quickly pulled on the bag at issue, it either remained stationary or only slightly moved along with the other 110 pound bags to which it had adhered. He immediately felt tightening and pain in his neck, shoulders, and back. He suffered a severe spinal cord injury that required surgery.

Mr. Gibson filed a products liability suit against LRM, alleging that his injury was caused by the application of an excessive amount of glue to the bag he was lifting when injured. The case was heard by a jury who found that Mr. Gibson failed to prove that the amount of glue on the bag at issue was excessive. The jury also found that Mr. Gibson failed to prove that the amount of glue deviated from LRM's specifications or from the amount applied on otherwise identical bags. Mr. Gibson then filed a motion for a judgment notwithstanding the verdict, which was denied by the trial court. From those decisions, Mr. Gibson appeals.

Mr. Gibson asserts four assignments of error on appeal. He claims that the trial court erred in failing to grant his motion for judgment notwithstanding the verdict; that the jury erred in finding that the amount of glue on the bag in question was not excessive or in meaningful deviation from LMR's specifications; that the trial court erred in granting LRM's motion in limine; and that the trial court erred in severely limiting his cross-examination. Because Mr. Gibson's third and fourth assignments of error claim evidentiary error that could affect the findings of fact in this matter, we will address them first and together.

"If a trial court commits an evidentiary error that interdicts its fact-finding process, this court must conduct a *de novo* review. Thus, any alleged evidentiary errors must be addressed first on appeal, inasmuch as a finding of error may affect the applicable standard of review." *Wright v. Bennett*, 04-1944, p. 6 (La.App. 1 Cir. 9/28/05), 924 So.2d 178, 182 (citing *Bolton v. B E & K Construction*, 01-486 (La.App. 1 Cir. 6/21/02), 822 So.2d 29, 32).

> Louisiana Code of Evidence article 103(A) provides, in part, that "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." The proper inquiry for determining whether a party was prejudiced by a trial court's alleged erroneous ruling on the admission or denial of evidence is whether the alleged error, when compared to the entire record, had a substantial effect on the outcome of the case. If the effect on the outcome of the case is not substantial, reversal is not warranted. LSA-C.E. art. 103(A). The party alleging prejudice by the evidentiary ruling of the trial court bears the burden of so proving. *Emery v. Owens-Corporation*, 2000-2144, p. 7 (La.App. 1st Cir. 11/9/01), 813 So.2d 441, 449, *writ denied*, 2002-0635 (La.5/10/02), 815 So.2d 842. Generally, the trial court is granted broad discretion in its evidentiary rulings and its determinations will not be disturbed on appeal absent a clear abuse of that discretion. *Turner v. Ostrowe*, 2001-1935, p. 5 (La.App. 1st Cir.9/27/02), 828 So.2d 1212, 1216, *writ denied*, 2002-2940 (La.2/7/03), 836 So.2d 107.

*Id.* at 183.

Here, Mr. Gibson does not even allege how the granting of LRM's motion in limine affected the outcome of this case. In fact, contrary to his assertion, the trial court allowed Mr. Gibson's attorney to ask his experts the hypothetical question the motion in limine sought to exclude. There is nothing in the record which indicates that this or the other evidentiary rulings made by the trial court had any substantial effect on the outcome of the case or that they were, in any way, an abuse of the trial court's broad discretion. Accordingly, there is no merit in these assignments of error.

We will next address Mr. Gibson's claim that the jury erred in finding that he did not prove that the amount of glue was excessive on the bag of rice he was lifting when injured. A court of appeal should not set aside the factual findings of a trial court absent manifest error or unless the findings are clearly wrong. *Stobart v. State of Louisiana, through Dep't of Transp. & Dev.,* 617 So.2d 880 (La.1993). The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong but whether the fact finder's conclusion was reasonable. *Id.* For an appellate court to reverse a trial court's factual finding, it must find from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding in question is clearly wrong. *See Mart v. Hill,* 505 So.2d 1120 (La.1987). The appellate court will not disturb the decision of the trial court below if credible evidence providing a reasonable factual basis for the trial court's conclusion was presented. *Boulos v. Morrison,* 503 So.2d 1 (La.1987). Where two permissible views of the evidence exist, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. *Stobart,* 617 So.2d 880. Even if the appellate court feels it would have weighed the evidence differently, the appellate court may not reverse if the fact finder's

determinations are reasonable in light of the record in its entirety. *Hebert v. Rapides Parish Police Jury,* 06–2001, 06-2164 (La. 4/11/07), 974 So.2d 635.

In this case, the jury ruled that Mr. Gibson failed to prove that the amount of glue applied to the bag involved with his injury deviated from LRM's specifications or otherwise identical bags. The record contains a reasonable basis for that conclusion. Simply put, Mr. Gibson wanted the jury to believe that an excessive amount of glue was the one and only reason that the bags could have adhered enough to injure him. However, the jury heard expert testimony that provided additional, alternative reasons for the bags to stick together more than usual.

Teddy Veillon testified that he has supervised the loading of over 1,000 ships with bags of rice at the Port of Lake Charles. He stated that it was standard for pallets of the rice to be stored in a hot metal warehouse, stacked up to four pallets high, for periods of time ranging from days to months. Dr. Richard Bunch testified that the 110 pound bags of rice were stacked six bags high, thirty-six bags to a pallet, so that each pallet weighed 3,960 pounds. These were stacked, as noted above, three to four pallets high, so that the bags located on the bottom could have roughly had between 8,000 to 12,000 pounds of pressure on top of them. He testified that pressure created compaction that, over time, could result in a variance in how the bags adhered. Bags on the bottom, he said, would be compressed more, which would make the glue stick harder. He also listed heat and moisture as environmental factors existing at the port that could affect the way the bags stuck together.

This testimony was bolstered by that of Eugene Barfield, a safety expert. He stated that there were simply too many factors involved to jump to the conclusion

4

that the bags were stuck together due to excessive or inordinate amounts of glue applied by LRM. Like Dr. Bunch, he also noted that heat, humidity, the number of bags stacked on top of each other, and the amount of time the bags were stacked could all cause the bags to stick together to the point where they had to be pried apart, even with the same amount of glue normally used. He further noted that Mr. Gibson did not measure, photograph, or otherwise analyze the glue on the specific bags concerned to see if the amount actually varied from the typical amount applied.

Mr. Gibson had the burden of convincing the jury that the amount of glue on the particular bag that caused his injury was excessive or deviated from the amount customarily used by LMR. He ultimately failed to do so. Because the record contains evidence of other practical explanations for the bags to hold together, this finding had a reasonable basis. The jury heard competing experts and evidence and simply chose between them. Where two permissible views of the evidence exist, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. *Stobart,* 617 So.2d 880. Therefore, we can find no error in the jury's determination.

Mr. Gibson next claims that the trial court erred in failing to grant his motion for judgment notwithstanding the verdict.

> A JNOV should be granted only if the trial court, after considering the evidence in the light most favorable to the party opposed to the motion, finds it points so strongly and overwhelmingly in favor of the moving party that reasonable persons could not arrive at a contrary verdict on that issue. The trial judge must construe the evidence and make inferences in favor of the party opposing the motion. . . . If there is substantial evidence opposed to the motion of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion must be denied. Stated more simply, a trial court can grant a JNOV only when a jury's verdict is one which reasonable people could not

5

have rendered; if reasonable persons could have arrived at the same verdict given the evidence presented to the jury, then a JNOV is improper.

*Broussard v. Stack,* 95-2508, pp. 14-15 (La.App. 1 Cir. 9/27/96), 680 So.2d 771, 779-80 (citations omitted). Based on our determination that the jury was reasonable in its findings, the trial court would have erred had it granted Mr. Gibson's motion for judgment notwithstanding the verdict. Accordingly, it did not err in failing to grant said motion. This assignment of error is also without merit.

For the above reasons, the findings of the trial court and jury below are hereby affirmed. Costs of this appeal are assessed against Mr. Gibson.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.